UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| YURI PETRINI | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:25-CV-254-LG-RPM |
| CITY OF BILOXI, MISSISSIPPI et al | DEFENDANTS |

## ORDER *SUA SPONTE* STRIKING AMENDED COMPLAINT

This matter is before the Court *sua sponte*.[1] On August 15, 2025, *pro se* Plaintiff Yuri Petrini filed a Complaint against the following defendants: (1) City of Biloxi, Mississippi; (2) Jerry Creel; (3) Peter C. Abide; (4) Currie Johnson & Myers, P.A.; (5) Robert G. Harenski; (6) Zachary Cruthirds; (7) Michael E. Whitehead; (8) Simpkins & Costelli, Inc.; and (9) Madeline Costelli Pettry, P.E. (collectively, "Defendants"). [1]. On September 30, 2025, this Court held a status conference in this matter. Minute Entry (09/30/2025). Following this status conference, the Court entered a limited scheduling order, setting a deadline to file motions for leave to amend pleadings for October 31, 2025. Text Only Order (10/01/2025). But on October 3, 2025, Plaintiff filed an Amended Complaint without first obtaining leave from the Court. [25]. Among other things, the 87-page Amended Complaint no longer names three defendants, i.e., Harenski, Cruthirds, and Whitehead; however, the Amended Complaint adds 14 new defendants.[2]

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, "[i]n all

---

[1] Because the Court addresses this matter *sua sponte*, the recently filed Motion to Strike Amended Complaint and Memorandum in Support were not considered. [26]; [27].
[2] While the Amended Complaint does not list Harenski and Cruthirds as defendants in the case style or in the list of the parties, Harenski and Cruthirds are named as defendants elsewhere in the Amended Complaint. [25] at 51.

other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he 21-day period to file an amended complaint as of right begins after the first defendant files a responsive pleading." *Bowling v. Dahlheimer*, No. 20-40642, 2022 WL 670150, at *2 (5th Cir. Mar. 7, 2022). The first defendant to file a responsive pleading in this matter was Harenski; he filed a Motion to Dismiss Complaint on September 9, 2025. [10]. Therefore, Plaintiff could amend as a matter of course until September 30, 2025. However, the Court accounts for Rule 6(d) which provides Plaintiff an additional three days, meaning he could amend as a matter of course until October 3, 2025.

Nevertheless, the Court entered a limiting scheduling order on October 1, 2025, setting a deadline to file motions for leave to amend pleadings for October 31, 2025. Text Only Order (10/01/2025). In doing so, the Court curtailed Plaintiff's right to amend "as a matter of course" by means of the limited scheduling order. "[A]mendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2nd Cir. 2007). The Court desires to ensure this action and the other related actions proceed in an orderly fashion.[3] *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 582 U.S. 497, 513 (2017) ("District courts . . . have ample means and methods to administer their dockets and to ensure that any additional filings proceed in an orderly fashion."). Accordingly, the Amended Complaint should be stricken because (1) the limited scheduling order qualified

---

[3] Plaintiff has filed three related actions (Civil Action Nos. 1:25-CV-178-LG-RPM, 1:25-CV-233-LG-RPM, and 1:25-CV-254-LG-RPM) over a period of approximately two months which have been administratively consolidated. [4].

Plaintiff's right to amend as a matter of course; and (2) Plaintiff did not comply with the limited scheduling order by first moving for leave to file his Amended Complaint.[4]

Alternatively, the Court strikes the Amended Complaint for other reasons. First, the Amended Complaint is a sprawling 87 pages. [25]. It contains a rambling, 37-page "Statement of Facts." *Id.* at 13–51. The Court finds that Plaintiff's Amended Complaint fails to comply with Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2) and 8(d)(1); *see Trump v. New York Times Co.*, --- F. Supp. 3d ---, No. 8:25-CV-2487, 2025 WL 2680597, at *1–2 (M.D. Fla. Sept. 19, 2025) (striking 85-page complaint for failing to comply with the requirements of Rule 8). Second, in addition to other flaws, the Amended Complaint purports to remove Harenski and Cruthirds as defendants but names them as defendants on page 51 of the Amended Complaint. [25] at 51. To be clear, the Court has no intention to limit Plaintiff's claims or remedies, "so long as they are asserted in a procedurally correct manner . . . ." *Barrett v. Nationwide Mut. Fire Ins. Co.*, No. 1:06-CV-936, 2006 WL 8453006, at *1 (S.D. Miss. Oct. 31, 2006). "At the same time, the Court has no interest in watching or umpiring a pleadings game that is played for a particular moment's tactical purpose without regard to the overall goal of a just, speedy, and inexpensive determination of every action." *Id.*; *see* Fed. R. Civ. P. 1 and 16.

As a final matter, Plaintiff has demonstrated a pattern of naming defense attorneys as defendants in his lawsuits. "Where [the plaintiff] . . . repeatedly sue[s] defense counsel for simply doing their jobs and as a litigation tactic that creates a web of conflicts, the court undeniably has the authority to issue and enforce orders to stop such bad-faith conduct." *Hussein v. Nev. Sys. of Higher Educ.*, Nos. 3:04-CV-455, 3:05-CV-76, 2010 WL 3035140, *11 (D. Nev. July 3, 2010).

---

[4] Plaintiff is directed to review Local Rule 15 regarding the procedure for motions for leave to amend.

3

Whether this is a bad-faith conduct is a question the Court does not answer here. However, the Court notes that Plaintiff was previously cautioned against this conduct at the status conference on September 30, 2025. Therefore, Plaintiff is cautioned once more; this conduct should not be used as a bad-faith litigation tactic and may result in the imposition of Rule 11 sanctions. *See* Fed. R. Civ. P. 11(b). Plaintiff is further cautioned against adding new claims or defendants unrelated to this case should he move for leave to amend. *See* Fed. R. Civ. P. 21. For all of the reasons discussed above, the Court shall strike the Amended Complaint.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [25] Amended Complaint is hereby STRICKEN. Plaintiff's original [1] Complaint remains the operative pleading.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of Court is directed to:

1. Strike the [25] Amended Complaint from the record;

2. Terminate and remove from the docket the following defendants which were added by the Amended Complaint: (a) Centerpoint Energy, Inc.; (b) Delta Utilities, Inc.; (c) Joseph "Jody" Ewing; (d) Christy Lebatard; (e) T.L. Wallace Construction, Inc.; (f) Steve Dobbs; (g) Stacy Thacker; (h) Catherine "Katie" McMahan; (i) Tara Busby; (j) Brooke Vanover; (k) Jennifer Polk; (l) Kyle Illing; (m) Jeff Harbor; and (n) Tim Holleman.

3. Revive the following defendants which were terminated by the Amended Complaint: (a) Robert G. Harenski; (b) Zachary Cruthirds; and (c) Michael E. Whitehead.

**Pursuant to Federal Rule of Civil Procedure 41(b), Plaintiff is hereby cautioned that failure to comply with the rules or court orders may result in dismissal of this action.**

SO ORDERED, this the 14th day of October 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

4