IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YURI PETRINI                                                                    PLAINTIFF

VERSUS                                                       CAUSE NO. 1:25cv254-LG-RPM

CITY OF BILOXI, MISSISSIPPI; ET AL                                  DEFENDANTS

Administratively consolidated with:

1:25cv178-LG-RPM
1:25cv233-LG-RPM

---

**RESPONSE IN OPPOSITION TO
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**
,

COMES NOW the Defendants, PETER C. ABIDE ("ABIDE"), J. HENRY ROS ("ROS")

AND CURRIE JOHNSON & MYERS, P.A. ("Currie Johnson"), by and through their counsel of

record, and file this their RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE

AMENDED COMPLIANT (DKT#41) and would respectfully show unto the Court the

following, to-wit:

THREE CIVIL ACTIONS

A.          Plaintiff, Yuri Petrini ("Petrini"), has filed three separate Complaints in the above

titled civil actions. He has now filed Amended Complaints in Civil Action Nos. 1:25cv00178 LG-RPM

(DKT#186) and 1:25cv00233 LG-RPM (DKT#37) and the subject Motion for Leave to file Amended in

1:25cv00254 LG-RPM (DKT#41). All three of the civil actions arise from Petrini's belief that Biloxi

had violated his First Amendment rights and procedural due process rights with respect to two

properties located in Biloxi, Mississippi. The truth is Petrini has failed to comply with Biloxi City

Ordinances and failed to follow the due process procedures[1] established under Mississippi law[2] and said city ordinances[3]. There have been no violations of his First Amendment rights and/or procedural due process rights or any other civil rights for that matter. Petrini has simply using the United District Court and "social media" as method of "extorting" the City, its attorneys and its employees. See Motion for Protective Order CA No. 25cv178 DKT#100 and 101 adopted by reference.

B.         Petrini also filed in this Civil Action another Amended Complaint (DKT#25) which the Court struck *sua sponte* by Order (DKT#32). This Order (DKT#32) is adopted by reference pursuant to Rule 10(c) of the Fed. Rules Civ. Proc.

C.         On or about December 10, 2025, Petrini filed a Notice of Errata (DKT#44) and attached Proposed Second Amended Complaint (DKT#44-1) correcting the Amended Complaint (DKT#41-1) attached as an Exhibit to his Motion.

D.         In the current proposed Second Amended Complaint Petrini (DKT#44-1) apparently deletes or drops as Defendants, Robert Harenski, Zachary Cruthirds, and Michael Whitehead. However, the proposed Amended Complaint still contains allegations against Whitehead, Cruthirds and the undersigned counsel for these Defendants without listing them as Defendants.

E.         In the proposed Second Amended Complaint (DKT#44-1) Petrini proposes to add

---

[1] Petrini has stated numerous times no one will talk to him to tell him the appeal procedures. Petrini does not seem to realize the issues created by him filing lawsuits against the City and/or its employees with communicating with him. Petrini has sued just about anyone who has chosen to speak directly to him. E. g. Maddie Costelli.   In fact, as a *pro se* litigant, Petrini is required to abide by the same rules attorneys must follow. Petrini is apparently unaware of *Rule* 4.2 of the Miss. Rules of Professional Responsibility which prohibits an attorney from communicating "about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." While an ethical rule, the principle is clearly applicable to Petrini attempting to communicate directly with employees of the City of Biloxi after filing litigation against them. He has created an atmosphere where anyone that talks to him with whom he disagrees get added as a Defendant. This does not mean Petrini cannot read and follow the procedures for application for permits and appeals from denials thereof if he so chooses.
[2] Miss Code Sec. 11-51-75 Appeal to the Circuit Court; and Miss Code Sec. 25-61-1 et seq Mississippi Public Records Act
[3] Biloxi building code Article 23-2, incl. Section 23-2-4(S).

seven (7) new Defendants:  Richard Weaver, Joseph Ewing, Michael Lebatard, David Machado, Centerpoint Entergy, Inc., T. L. Wallace Inc. and Delta Utilities, Inc.

F.    The proposed Amended Complaint contains almost 250 paragraphs encompassing a myriad of confusing, disjointed, disconnected and mostly conclusory allegations without any factual support whatsoever.  The original Complaint (DKT#1) initially involved Plaintiff efforts to obtain building permits and approvals at two properties: 1606 Beach Blvd[4] and 929 Division Street[5].  The motion should be denied Plaintiff's proposed Second Amended Complaint (DKT#44-1) fails to comply with Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "simple, concise, and direct" allegations.

G.    The new proposed Second Amended Complaint introduces completely different and new claims against new parties, Centerpoint Entergy, Inc., T. L. Wallace Inc. and Delta Utilities, Inc. These new claims involve allegations of "cross boring" a gas line and a sewer line at 929 Division Street[6], totally unrelated to Petrini's claims regarding his LLC's roof and/or fence permits.  The Court previously cautioned Petrini against "adding new claims or defendants unrelated to this case should he move for leave to amend. *See* Fed. R. Civ. P. 21."  See Order (DKT#32). Adopted by reference pursuant to Rule 10(c) of the Fed. Rules Civ. Proc.  Petrini obviously has "again" ignored the Court's cautioning.

H.    The proposed Amended Complaint "again" contains allegations involving counsel for the Defendants, Abide, Ros and Currie Johnson, being Tim Holleman[7] although without naming

---

[4]  This property is jointly owned by Plaintiff and his wife.
[5]  This property is owned by Megalopolis MS Two LLC, not the Plaintiff.
[6]  Petrini does own this property, Megalopolis Ms LLC does.
[7]  Petrini first threatened to add the undersigned as a Defendant because he would not hold a "Rule 26(f) discovery conference" with Petrini. See Exhibit C -Email exchange with Petrini 9.11.2015.

him as a Defendant.  See proposed Second Amended Complaint paragraphs 193-200.  (DKT#44-1).

The Court has previously warned Petrini that such was sanctionable conduct at a status hearing on

September 30, 2025.. See Exhibit A Transcript 9/30/25 Excerpts at pp. 82-83 and Order dated October

14, 2025 (DKT#32 CA No. 25cv254), adopted by reference pursuant to Rule 10(c) of the Fed. Rules

Civ. Proc.  Petrini obviously has again ignored the Court's cautioning.

       I.       Despite the Court's admonition at the status conference (Exhibit A Transcript

9/30/25 Excerpts at pp. 80-83) and the Court's Order dated October 14, 2025 (DKT#32 CA No.

25cv254), on October 16, 2025, *again* threatened that "the amended version[8], that contains extensive

details about you and your firm that dates and includes pictures all the way to 2015.….Mr Tim. You

may avoid being named if you would agree to the following…**I will attempt to join you into the**

**amended complaint."** (Emphasis added).  See Exhibit B attached Email to/from Petrini dated October

15/16, 2025.  This threat was made barely two weeks <u>after</u> the admonishment by the Court at the status

conference hearing on September 30, 2025 and 2 days after the Court entered the Court's Order dated

October 14, 2025 (DKT#32 CA No. 25cv254).  Petrini has shown repeatedly he does not care what

this Court has to say.  The Motion for Leave to Amend should denied for this reason alone.

       J.       Petrini does not own the property located at 929 Division Street, it is owned by a

company identified as "Megalopolis Two LLC". See attached Exhibit D Deed to 929 Division Street.

The Motion for Leave to Amend should be denied as Petrini has no standing to bring claims asserted

in the proposed Amended Complaint on behalf of "Megalopolis Two LLC" and cannot represent

"Megalopolis Two LLC" as he is not licensed to practice law in Mississippi.

WHEREFORE PREMISES CONSIDERED, Defendants files this their Response in

Opposition of the Plaintiff's Motion for Leave to Amend (DKT#41 and #44) and submits that said

---

[8] It is verily believe Petrini was referring to the subject "Second Amended Complaint".

Motion should be denied.

RESPECTFULLY SUBMITTED, this the 15th day of December, 2025.

> PETER ABIDE AND CURRIE JOHNSON &
> MYERS, P.A., DEFENDANTS
>
> BY AND THROUGH THEIR ATTORNEYS OF
> RECORD
>
> BOYCE HOLLEMAN & ASSOCIATES
>
> BY:      *s/ Hollis T. Holleman*

### CERTIFICATE OF SERVICE

I do hereby certify that I have filed the above and foregoing pleading utilizing the

ECF system a true and correct copy of the foregoing document and have mailed by United

States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to

the Pro Se Plaintiff at his mailing address as follows:

> Yuri Petrini
> 929 Division Street
> Biloxi, MS 39530

THIS this the 15th day of December, 2025.

> *s/ Hollis T. Holleman*

Tim C. Holleman (Ms Bar #2526)
Patrick T. Guild (Ms Bar#103739)
Hollis T. Holleman (Ms Bar#105692)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS 39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829
Email: tim@boyceholleman.com
      patrick@boyceholleman.com