UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YURI PETRINI                                                                                      PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 1:25-CV-254-LG-RPM

CITY OF BILOXI, MISSISSIPPI et al                                                         DEFENDANTS

## ORDER EXTENDING TIME FOR SERVICE OF PROCESS

This matter is before the Court following pro se Plaintiff Yuri Petrini's response to the Order to Show Cause. [72]. On August 15, 2025, Plaintiff filed a Complaint against Defendants City of Biloxi, Mississippi; Jerry Creel; Peter C. Abide; Currie Johnson & Myers, P.A.; Robert G. Harenski; Zachary Cruthirds; J. Henry Ros.; Michael E. Whitehead; Simpkins & Costelli, Inc.; and Madeline Costelli Pettry, P.E.[1] [1]. The docket reflects Plaintiff failed to serve the following defendants in accordance with the Federal Rules of Civil Procedure: City of Biloxi, Mississippi; Jerry Creel; Zachary Cruthirds; and Michael E. Whitehead. There is no indication from the docket that Plaintiff issued summonses to these four defendants. Plaintiff did not file any summonses returned executed as to these defendants; and these defendants have not filed answers or other responsive pleadings.

Rule 4(c)(1) provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

---

[1] Plaintiff filed an Amended Complaint on October 30, 2025. [25]. However, the Amended Complaint was stricken by the Court *sua sponte* because (1) the Court entered a limited scheduling order qualifying Plaintiff's right to amend as a matter of course; and (2) Plaintiff did not comply with the limited scheduling order by first moving for leave to file his Amended Complaint. [32]. Afterward, Plaintiff filed a Motion for Leave to File Second Amended Complaint, which is pending before the Court. [43]. Since then, Plaintiff's claims against Harenski were dismissed pursuant to an Agreed Order. [71].

> But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As such, the time for service of process has expired. The Court therefore entered an Order to Show Cause requiring Plaintiff to show good cause, if any, why these four defendants should not be dismissed for Plaintiff's failure to timely serve process. [64]. Plaintiff filed a timely response and does not dispute that service of process was not completed as to these four defendants within the time period prescribed by Rule 4(m). [72] at 1. He asks the Court to do the following: (1) to grant him leave to issue summons to the unserved defendants; (2) to extend the time for service 30 days from the date of this Order; and (3) to permit him to file proof of service upon completion. *Id.* at 7.

"[E]ven if good cause is lacking, the court has discretionary power to extend time for service." *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). The Court makes no finding as to whether there is good cause here. Instead, in light of Plaintiff's pro se status, the Court exercises its discretion and extends the time for service of process. However, the Court declines to extend the time for service of process 30 days from the date of this Order; rather, the Court shall extend the time for service of process to January 21, 2026.

IT IS THEREFORE ORDERED AND ADJUDGED that the time for service of process is extended to **January 21, 2026**. Plaintiff is granted leave to issue summons to the remaining unserved defendants and is permitted to file proof of service upon completion. **Plaintiff is cautioned that failure to timely serve any of the defendants may result in dismissal of these defendants without further notice.**

SO ORDERED AND ADJUDGED, this the 14th day of January 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE