**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **YURI PETRINI** | **PLAINTIFF** |
| **v.** | **CIVIL ACTION 1:25-cv-254-LG-RPM** |
| **CITY OF BILOXI, et al.** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING [12] MOTION TO DISMISS; GRANTING [21] MOTION TO DISMISS; DENYING PLAINTIFF'S [43] MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; AND GRANTING LEAVE TO FILE MOTION TO AMEND COMPLAINT**

**BEFORE THE COURT** are two pending [12], [21] Motions to Dismiss filed by Defendants Simpkins & Costelli and Madeline Costelli Pettry, P.E. (collectively, the "Costelli defendants"), and Defendants Peter C. Abide in his individual and official capacities, and Currie Johnson & Myers, P.A. ("Currie Johnson") in its capacity as City Attorney. This case involves two properties: 1606 Beach Boulevard, Biloxi, Mississippi, ("Beach property") and 929 Division Street, Biloxi, Mississippi, ("Division Street property"). Plaintiff Yuri Petrini asserts that the defendants conspired and engaged in a malicious pattern of conduct violating his constitutional rights.

Having reviewed the pending motions and relevant caselaw, the Court finds that dismissal of these claims without prejudice is appropriate for two main reasons. First, the Court lacks subject matter jurisdiction over the Costelli defendants and the Division Street property. Second, the Court determines that Petrini engages in shotgun pleading and otherwise fails to satisfy Rule 12(b)(6).

Petrini's [43-1] Proposed Second Amended Complaint fails to address these issues, and so the Court denies the [43] Motion to Amend. However, in the interest of justice and recognizing that Petrini is a pro se plaintiff, the Court shall allow Petrini an opportunity to submit another motion to amend his complaint.

**BACKGROUND**

This case is a continuation of events alleged in Petrini's earlier administratively consolidated cases regarding the denial of a certificate of occupancy and a stop work order at the Beach property. *See Petrini v. Harbor*, No. 1:25-cv-178-LG-RPM (hereinafter "Case No. 178"); *Petrini v. City of Biloxi*, 1:25-cv-233-LG-RPM (hereinafter "Case No. 233"). Currie Johnson is Biloxi's City Attorney and Abide serves as Currie Johnson's primary contact. The Costelli defendants specialize in engineering; the City retained them for their engineering expertise. After Petrini filed a civil complaint in federal court (Case No. 178), criminal charges were filed against him in the Biloxi Municipal Court for allegedly violating building codes at the Beach property. Petrini alleges that the Costelli defendants conspired with Abide, J. Henry Ros,[1] and Currie Johnson to manufacture false engineering findings and opinions in retaliation against Petrini's protected First Amendment activity to file a federal lawsuit. Petrini also sues Abide in his individual and official capacities, and he sues Currie Johnson in its capacity as City Attorney for various 42 U.S.C. § 1983 violations and a § 1985(3) conspiracy claim.

[1] Petrini has voluntarily dismissed J. Henry Ros without prejudice. *See* Pl.'s Notice of Voluntary Dismissal [79].

## SUBJECT MATTER JURISDICTION

Before the Court reaches the pending motions, it must *sua sponte* assure itself of its own subject matter jurisdiction. Article III of the Constitution restricts federal judicial power to the resolution of "Cases" and "Controversies." U.S. Const. art. III, § 2. "Under Article III, a case or controversy can exist only if a plaintiff has standing to sue[.]" *United States v. Texas*, 599 U.S. 670, 675 (2023). Standing is an "irreducible constitutional minimum" for a federal court's subject matter jurisdiction. *Diamond Alt. Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100, 111 (2025) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The burden of proving standing rests on the party seeking federal jurisdiction. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Standing to sue requires "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citation modified).

### I. DIVISION STREET PROPERTY

In the three administratively consolidated cases, Petrini raises claims involving the Division Street property. Here, Petrini claims Creel and Abide violated his Fourth Amendment rights when Creel allegedly trespassed onto the Division property. *See* Compl. [1] at 32. It is not in dispute that Megalopolis Two, an LLC, owned the Division Street property at the relevant times.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339

(quoting *Lujan*, 504 U.S. at 560–61). Courts evaluate standing "on a claim-by-claim basis." *Hotze v. Hudspeth*, 16 F.4th 1121, 1125 (5th Cir. 2021) (citation modified). Megalopolis Two, an LLC, owned the Division property at the relevant times—not Petrini. "Upon the creation of an LLC, the company becomes a distinct legal entity, separate from the identity of the owner-members." *Healy v. AT&T Servs., Inc.*, 362 So. 3d 14, 23 (Miss. 2023) (citation modified).

"Under Mississippi law, a member has no interest in specific limited liability company property." *In re Ochello*, No. 20-00717-KMS, 2022 WL 963755, at *10 (Bankr. S.D. Miss. Mar. 30, 2022) (citation modified) (quoting Miss. Code Ann. § 79-29-701). Mississippi prohibits individual plaintiffs from bringing suit "to redress a wrong to the" LLC because "the cause of action belongs solely to the" LLC and only the LLC may assert the cause of action. *See Healy*, 362 So. 3d at 23–24 (citation modified). In sum, "a member of an LLC lacks standing to sue individually where the cause of action belongs to the company, unless the member's alleged harm is distinct from harm suffered by the company." *See Cruden Bay Holdings, LLC v. JPMorgan Chase Bank N.A.*, No. 3:21-cv-1170-x, 2024 WL 3974724, at *2 (N.D. Tex. Aug. 27, 2024) (citation modified) (citing *Duran v. City of Corpus Christi*, 240 F. App'x 639, 641 (5th Cir. 2007)). Therefore, to the extent Petrini attempts to raise Megalopolis Two's claims, they must be dismissed for lack of standing.[2]

---

[2] In Case No. 233, Petrini argues that he has standing for the Division Street property because Megalopolis Two conveyed the property to him. *See* Case No. 233, Pl.'s Mem. [77] at 1; Pl.'s Mot. Ex. [76-3]. That said, this does not cure the underlying issue that the legal interest of the claim *still remains* with Megalopolis Two. *See Healy*, 362 So. 3d at 24 ("The damages, if any, were suffered by"

## II. SIMPKINS & COSTELLI AND PETTRY [21] MOTION TO DISMISS

The Costelli defendants move to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. These defendants argue that Petrini lacks standing because any alleged injuries sustained are not fairly traceable to the Costelli defendants, and there are no redressable grounds for the retaliation claim.

The Costelli defendants attack the second and third elements of standing. *See Spokeo*, 578 U.S. at 338. "Causation and redressability are usually flip sides of the same coin. Causation requires the plaintiff to show that the injury was likely caused by the defendant, and redressability requires that the injury would likely be redressed by judicial relief." *Diamond Alt. Energy, LLC*, 606 U.S. at 111 (citation modified). The redressability requirement ensures "that there is a sufficient relationship between the judicial relief requested and the injury suffered." *Id.* at 112 (citation modified).

Petrini did not address standing in his response to the Costelli defendants' motion to dismiss.[3] Petrini invokes the Court's jurisdiction, so he bears the burden to prove standing. *See Spokeo*, 578 U.S. at 338. Because Petrini bears the burden of proving standing, the failure to respond warrants dismissal for lack of

---

Megalopolis Two.). There is no indication that Megalopolis Two has assigned its interest in potential claims or causes of action related to the Division Street property.

[3] The Court liberally construes Petrini's [53]–[56] filings as responses in opposition to the Costelli defendants' [21] Motion to Dismiss. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). There are no other filings from Petrini that directly address the Costelli defendants' motion. In these filings, Petrini focuses on the expert witness designation of the Costelli defendants and their alleged immunity from all claims. *See generally* Pl.'s Mem. [56].

jurisdiction. *See Ctr. for Biological Diversity v. U.S. Env't Prot. Agency*, 937 F.3d 533, 542 (5th Cir. 2019) ("Arguments in favor of standing, like all arguments in favor of jurisdiction, can be forfeited or waived.") (citations omitted). Even so, the Court will dismiss these claims against the Costelli defendants without prejudice, as it lacks jurisdiction. *See Denning v. Bond Pharm., Inc.*, 50 F.4th 445, 452 (5th Cir. 2022) (citation modified) ("Ordinarily, when a complaint is dismissed for lack of jurisdiction, including for lack of standing, it should be without prejudice."). The Court grants the Costelli defendants' [21] Motion to Dismiss.

**DISCUSSION OF PLEADINGS**

The Court now considers Abide and Currie Johnson's [12] Motion to Dismiss under Rule 12(b)(6). Under a Rule 12(b)(6) motion to dismiss, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation modified). "All questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citation modified). Courts do not have to accept legal conclusions presented as factual allegations. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (citation modified). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified).

But "while a defendant may seek dismissal under Rule 12(b)(6) for failure to state a claim, the Court may raise the issue of shotgun pleadings sua sponte." *Goodnight Terminal Servs., Inc. v. ASG Chem. Holdings, LLC*, No. 1:24-cv-306-HSO-BWR, 2026 WL 360915, at *5 (S.D. Miss. Feb. 9, 2026) (collecting cases) (citation modified). "A shotgun pleading is a pleading with multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims are brought against." *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024) (citation modified). Shotgun pleadings violate Rule 8's required "short and plain statement" by "containing several counts within a complaint with each count incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts contain irrelevant

factual allegations and legal conclusions." *Copeland v. Axion Mortg. Grp. LLC*, No. 1:16-cv-159-HSO-JCG, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016) (citation modified); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (Shotgun pleadings come in four varieties.).

**I. SECTION 1983 CLAIMS**

Counts I–IV include 42 U.S.C. § 1983 claims against Abide and Currie Johnson. Abide and Currie Johnson seek dismissal for failure to state a claim under Rule 12(b)(6). "Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). The statute provides a cause of action against a person who, acting under color of state law, violates an individual's rights secured by the Constitution or federal law. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (citation omitted); 42 U.S.C. § 1983. Petrini must have "an underlying constitutional or statutory violation" as a "predicate to liability under § 1983." *See Johnston v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1574 (5th Cir. 1989). "In the context of a 12(b)(6) motion, the focus should be whether the complaint properly sets forth a claim of a deprivation of rights secured by the Constitution or federal statute caused by persons acting under color of state law." *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022) (citation modified). While the Court determines that Abide and Currie

Johnson are state actors in their role as City Attorney,[4] the Court still finds that the various § 1983 claims fail.

### A. COUNT I FIRST AMENDMENT RETALIATION

In Count I, Petrini alleges the defendants initiated state criminal proceedings in retaliation for Petrini exercising his First Amendment activity of filing a federal lawsuit. "The First Amendment prohibits not only direct limits on individual speech but also adverse governmental action against an individual in retaliation for the exercise of protected speech activities." *McLin v. Ard*, 866 F.3d 682, 696 (5th Cir. 2017) (quoting *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)).

To state a First Amendment retaliation claim, a plaintiff must show the following elements:

> (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected conduct.

*Reitz v. Woods*, 85 F.4th 780, 789 (5th Cir. 2023) (citation modified). The Fifth Circuit "further requires plaintiffs in the prosecution context to establish each of the common law malicious prosecution elements in addition to those three derived from

---

[4] Abide and Currie Johnson argue that they are not state actors, so they cannot be subject to a § 1983 claim. The Court takes judicial notice that Currie Johnson is the City Attorney for the City and Abide serves as the firm's primary contact. *See Gomez*, 18 F.4th at 775. Petrini is suing Abide and Currie Johnson for actions they allegedly took while in the state law role as the City Attorney for the City of Biloxi, so they are subject to a § 1983 claim. *See Grigsby & Assocs., Inc. v. City of Shreveport*, 294 F. Supp. 3d 529, 540 (W.D. La. 2018) ("Accordingly, 42 U.S.C. § 1983 affords citizens the vehicle to pursue a private cause of action against state actors, in this case the . . . City Attorney Defendants, for constitutional violations.").

the First Amendment." *Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005) (citation omitted). The second element "requires some showing that the plaintiff's exercise of free speech has been curtailed." *Reitz*, 85 F.4th at 789 (citation modified). In other words, Petrini must "plead that the [defendants'] retaliatory conduct actually curtailed his speech." *See McLin*, 866 F.3d at 696.

Actual curtailment of speech "does not necessarily mean that plaintiffs must cease criticizing the government officials altogether in order to have a claim for retaliation." *Keenan*, 290 F.3d at 260. But being "the victim of criticism, an investigation (or an attempt to start one), and false accusations," and "being subjected to and defending oneself from an investigation while suffering its concomitant stress, do not satisfy the injury requirement." *Reitz*, 85 F.4th at 790 (citation modified).

Petrini alleges that the following would chill an ordinary person from exercising his rights: "initiating criminal prosecution based on false affidavits despite acknowledging proper administrative procedures in writing on July 2, 2025, obtaining cease and desist orders without due process, and obstructing access to government services." Compl. [1] at 30. Missing from these allegations is an indication that Currie Johnson and/or Abide's alleged actions "curtailed" *Petrini's* speech. *See Reitz*, 85 F.4th at 790. Without an allegation that these defendants' conduct curtailed *his* speech, Petrini fails to allege the second element of a First Amendment retaliation claim. *See McLin*, 866 F.3d at 697 (citation modified) (Failure to "demonstrate that *Plaintiff* reduced or changed *his* exercise of free

speech in any way" warrants dismissal of retaliation claim.); *see also Lousteau v. City of Canton*, No. 3:11cv676-DPJ-FKB, 2013 WL 5755243, at *5–6 (S.D. Miss. Oct. 23, 2013) (granting summary judgment where Plaintiff did "not let Defendants' actions deter him"). Petrini failed to allege the second element of a First Amendment retaliation claim.

At this juncture, the Court cannot "draw the reasonable inference" that Currie Johnson or Abide are liable for the alleged First Amendment retaliation claim. *See Iqbal*, 556 U.S. at 678; *Martin K. Eby Constr. Co.*, 369 F.3d at 467. The Court dismisses Count I without prejudice.

**B. COUNT II FOURTH AMENDMENT VIOLATIONS**

Petrini next raises a Fourth Amendment violation against Abide and Creel in Count II. Count II's allegations do not mention Abide at all, nor do these allegations put Abide on notice for what he is liable for. *See* Compl. [1] at 30–33. Even construing the complaint liberally, *see Erickson*, 551 U.S. at 94, the Court cannot determine *what* Petrini alleges Abide is liable for—individually or within his official capacity. Such pleading style fails to give Abide "adequate notice of the claims against him and the grounds upon which the claim rests." *See Weiland*, 792 F.3d at 1323.

Because Count II fails to provide Abide notice of the claim against him, the Court finds *sua sponte* that Count II is a textbook shotgun pleading. *See Goodnight Terminal Servs., Inc.*, 2026 WL 360915, at *5 (collecting cases). It fails to specify what "acts or omissions" Abide is responsible for. *See Weiland*, 792 F.3d at 1323.

Because Petrini's pleading is a shotgun pleading, the Court "may order parties to file an amended complaint in compliance with the rules, limit pleadings to a certain number of pages, or dismiss the complaint without prejudice." *Desoto Grp. LLC v. Linetec Servs., LLC*, 339 F.R.D. 249, 251 (S.D. Miss. 2021) (citations omitted). The Court dismisses Count II against Abide without prejudice.

### C. Counts III and IV Conspiracies to Violate Civil Rights

Counts III and IV raise § 1983 conspiracy claims against all defendants based on the First Amendment retaliation claim and Fourth Amendment claim. *See* Compl. [1] at 33–34. Because the Court finds that both underlying constitutional claims fail to state a claim under Rule 12(b)(6) and Rule 8, the Court dismisses the conspiracy claims without prejudice. *See Lefebure v. Boeker*, No. 17-01791-BAJ-EWD, 2024 WL 2947720, at *2 (E.D. La. June 11, 2024) (citation modified) (explaining § 1983 claim "is not actionable without an underlying violation").

## II. SECTION 1985(3) CLAIM

Abide and Currie Johnson argue that the Court should dismiss Count X for failure to allege racial animus. Count X of the Complaint alleges that the City's building code regulations violate the Takings Clause and alleges that Abide conspired with others to take his property, in violation of 42 U.S.C. § 1985(3). *See* Compl. [1] at 45–46. Petrini alleges Abide and Currie Johnson conspired to effectuate an unconstitutional taking in violation of the Fifth Amendment.

The Fifth Amendment's Takings Clause "directs that private property shall not be taken for public use, without just compensation" and applies to States under

the Fourteenth Amendment. *Urban Devs. LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006) (citation modified). Petrini alleges Abide and his co-conspirators used the City's regulations improperly to render his Beach property "unoccupiable, uninsurable, [and] unmarketable[.]" Compl. [1] at 45. He does not allege that Abide attempted to take the Beach property for public use. Thus, the Court construes Petrini's claim as a regulatory taking. *See Money v. City of San Marcos*, No. 24-50187, 2025 WL 429980, at *2 (5th Cir. Feb. 7, 2025).

At the time of filing, Abide and Currie Johnson first argue that the issue is not ripe for the Court's review because Petrini did not file an appeal to the Building Board of Adjustments and Appeals ("Building Board"). Since the filing of their motion to dismiss, Petrini appealed to the Building Board, and the Building Board rendered a final decision for the Beach property.[5] Because the Building Board's decision constitutes "the final decision of the municipal authorities[,]" Code of Ordinances of the City of Biloxi, Miss. § 5-1-3(b), the regulatory takings claim is now prudentially ripe for the Court's review. *See Money*, 2025 WL 429980, at *2.

Abide and Currie Johnson's second argument is persuasive. They argue that because Petrini does not allege racial animus in Count X, his § 1985(3) conspiracy claim fails. A plaintiff must allege the following under a 42 U.S.C. § 1985(3) claim:

> (1) a conspiracy involving two or more persons;
> (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and

[5] Petrini received a final decision from the Building Board. *See* Case No. 178, Def.'s Mot. Ex. [105-2] at 75; Case No. 178, Def.'s Mot. Ex. [105-3]; *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citation modified) ("It is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

(3) an act in furtherance of the conspiracy;
(4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Tex. Democratic Party v. Abbott*, 961 F.3d 389, 410 (5th Cir. 2020) (citation modified). In the Fifth Circuit, "the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Cantú v. Moody*, 933 F.3d 414, 419–20 (5th Cir. 2019) (citation modified); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Petrini's claim lacks an allegation of racial animus, so it is not actionable under Fifth Circuit caselaw. *See Cantú*, 933 F.3d at 419–20. The Court dismisses Count X without prejudice.

**III. AMERICANS WITH DISABILITIES ACT**

Abide and Currie Johnson request dismissal of an Americans with Disabilities Act ("ADA") claim, but the Court could not identify such a claim in the [1] Complaint. It appears that the defendants and Petrini are referencing another case's ADA claim. *See* Pl.'s Resp. [23] at 2 (describing a "Doc. 49, Section VIII; Doc. 50, pp. 10-11"). Thus, the Court will not discuss the validity of any potential claim Petrini may have against the defendants in this case.

**IV. PETRINI [43] MOTION TO AMEND COMPLAINT**

The Court denies the [43] Motion to Amend because it is futile. The Court may refuse to grant leave to amend because of the futility of amendment. *U.S. ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) (citation omitted). To determine futility, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863,

873 (5th Cir. 2000) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). A shotgun pleading violates Rule 8 and is subject to dismissal under Rule 12(b)(6). *Sahlein v. Red Oak Cap., Inc.*, No. 3:13-cv-00067-DMB-JMV, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014) (citation omitted). Petrini's [43-1] Proposed Amended Complaint raises claims associated with the Division Street property (which the Court lacks jurisdiction over) and again engages in shotgun pleading. The Court shall allow Petrini another chance at filing an amended complaint that comports with this Order.

## CONCLUSION

Any claims arising from the Division Street property must be dismissed without prejudice for lack of subject matter jurisdiction. The claims against the Costelli defendants are dismissed without prejudice for lack of subject matter jurisdiction. The Court dismisses the [1] Complaint's claims against Abide and Currie Johnson for shotgun pleading or otherwise failing to state a claim.

The Court denies Petrini's [43] Motion to Amend because it is futile. Petrini may file another motion to amend his complaint within 14 days of this Order. To the extent the parties raise alternative arguments, the Court determines that they would not change the results.

Finally, the Court is mindful that although it must liberally construe pro se complaints and hold them to less stringent standards than formal pleadings drafted by lawyers, pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. When dismissing a pro se complaint, a district

court ordinarily should do so without prejudice in order to allow the plaintiff an opportunity to file an amended complaint, unless the plaintiff has already been given adequate opportunity to cure the inadequacies in his pleadings or if the pleadings demonstrate that the plaintiff has pleaded his best case. Pro se plaintiffs are always encouraged to seek legal counsel and to avoid over reliance on pleadings or motions generated by over reliance on artificial intelligence.

The Plaintiff is afforded this finally opportunity to seek to file and amended complaint and to "make his best case". He is again encouraged to carefully consider, introspectively and in good faith, the necessity for litigation and against whom claims should be brought.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Simpkins & Costelli and Madeline Costelli Pettry, P.E.'s [21] Motion to Dismiss is **GRANTED FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Peter C. Abide and Currie Johnson & Myers, P.A.'s [12] Motion to Dismiss is **GRANTED**. Plaintiff's claims against Abide and Currie Johnson in the [1] Complaint are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Yuri Petrini's [43] Motion for Leave to File Second Amended Complaint is **DENIED**. Petrini may file another motion to amend complaint within fourteen (14) days of this Order.

**IT IS FURTHER ORDERED AND ADJUDGED** that the stay entered in this matter is **LIFTED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of September, 2026.

s/ Louis Guirola, Jr.

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE